1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7

8    JOHN STEVEN OLAUSEN,

9         Petitioner,                              3:15-cv-00127-RCJ-VPC

10   vs.
                                                   **ORDER**
11   ISIDRO BACA, *et al.*,

12        Respondents.

13   _____/

14

15        This action is a *pro se* petition for writ of habeas corpus by Nevada prisoner John Steven

16   Olausen. *See* Petition for Writ of Habeas Corpus (ECF No. 6).  On June 1, 2015, the court screened

17   the petition, ordered the petition served on respondents, and ordered respondents to respond to the

18   petition (ECF No. 7).  Respondents appeared in the action on June 5, 2015 (ECF No. 8).

19        On June 16, 2015, respondents filed a motion entitled "Motion for Reconsideration of Order

20   to Respond to Petitioner's Eighth Successive Petition" (ECF No. 9).  In that motion, respondents

21   argue that Olausen's habeas petition in this case is successive, and that he has not obtained

22   authorization from the court of appeals to file such a successive petition, as required by 28 U.S.C.

23   § 2244(b)(3)(A), and that, therefore, the petition should be dismissed.  Olausen responded to that

24   motion on June 25, 2015 (ECF No. 10).  Respondents replied on July 9, 2015 (ECF No. 13).

25        On July 8, 2015, Olausen filed a "Cross-Motion for Relief" (ECF No. 12).  In his cross-

26   motion, Olausen argues that the court should treat respondents' motion as a motion to dismiss.  *See*

1   Cross-Motion, pp. 2-4.  Olausen also argues that he properly styled his action as a petition for writ of

2   habeas corpus under 28 U.S.C. § 2241, to which section 2244(b) would not apply, and that it should

3   not be treated as a petition under 28 U.S.C. § 2254, because he is not imprisoned based on a valid

4   judgment of conviction.  *See id*. at 4-21.

5           On July 16, 2015, respondents filed a motion to strike (ECF No. 14), requesting that

6   Olausen's cross-motion be stricken as improperly filed.  Olausen filed an opposition to the motion to

7   strike on July 27, 2015 (ECF No. 15).  The court will deny respondents' motion to strike.  Olausen

8   appears *pro se* in this action.  The court will entertain Olausen's cross-motion, and will consider the

9   arguments he makes in that motion with respect the resolution of respondents' motion.

10          The court will grant Olausen's cross-motion in part and deny it in part.  Olausen's argument

11   that respondents' motion should be treated as a motion to dismiss is well-taken.  Respondents'

12   motion, presented as a motion for the court to reconsider its screening of Olausen's petition, is based

13   on matters not apparent from the face of Olausen's petition.  Respondents' motion is in the nature of

14   a motion to dismiss Olausen's habeas petition as a successive petition pursuant to 28 U.S.C.

15   § 2244(b), and the court treats it as such.

16          In their motion -- treated here as a motion to dismiss -- respondents point out that Olausen

17   has litigated several habeas petitions in this court prior to this one, and they argue that his petition in

18   this case should be dismissed as successive, for Olausen's failure to comply with 28 U.S.C.

19   § 2244(b).  *See* Motion for Reconsideration, pp. 2-5.

20          The court takes judicial notice of the proceedings in the following other habeas corpus

21   actions initiated by Olausen in this court:

22          *Olausen v. Helling*, *et al.*, 3:01-cv-00499-ECR-RAM;

23          *Olausen v. McDaniel*, *et al*., 3:05-cv-00631-LRH-RAM;

24          *Olausen v. Director, Nevada Department of Corrections*, *et al*., 3:06-cv-00069-PMP-VPC;

25          *Olausen v. E. K. McDaniel*, *et al*., 3:06-cv-00257-LRH-VPC;

26          *Olausen v. McDaniel*, *et al.*, 3:08-cv-00447-LRH-RAM;

1      *Olausen v. Sheriff of Washoe Co. Jail*, *et al.*, 3:08-cv-00527-LRH-RAM;

2      *Olausen v. Benedetti*, *et al.*, 3:10-cv-00388-LRH-RAM;

3      *Olausen v. Cox*, *et al.*, 3:14-cv-00315-RCJ-WGC; and

4      *Olausen v. Baca*, *et al.*, 3:15-cv-00525-MMD-VPC.

5 *See Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699

6 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981) (federal court may take judicial notice of court

7 records).  The court also notes that Olausen has initiated, in this court,  several other habeas and civil

8 rights actions that have no direct bearing on the issues resolved in this order.

9      *Olausen v. Helling*, *et al.*, 3:01-cv-00499-ECR-RAM, was Olausen's first habeas corpus

10 action in this court.  That action was a petition for writ of habeas corpus pursuant to 28 U.S.C.

11 § 2254.  *See* Petition for Writ of Habeas Corpus, ECF No. 6 in Case No. 3:01-cv-00499-ECR-RAM.

12 The petition was denied on June 28, 2005.  *See* ECF No. 87 in Case No. 3:01-cv-00499-ECR-RAM.

13 Both this court and the court of appeals denied Olausen a certificate of appealability.  ECF Nos. 90

14 and 93 in Case No. 3:01-cv-00499-ECR-RAM.

15      Olausen then initiated *Olausen v. McDaniel*, *et al.*, 3:05-cv-00631-LRH-RAM, asserting -- as

16 in this case -- that he was not held pursuant to a valid judgment of conviction; he styled his petition

17 as one brought under 28 U.S.C. § 2241.  On March 9, 2006, this court ruled as follows:

18      Olausen styles the Petition (#1) as pursuant to 28 U.S.C. § 2241 because he

19 alleges that he is being held in Ely State Prison not pursuant to any judgment of
conviction.  Olausen has already verified, under penalty of perjury, that he is being
held in custody pursuant to an amended judgment of conviction.  *Olausen v. Helling*

20 ("*Olausen I*"), Case No. 3:01-CV-00499-ECR-(RAM), Fourth Amended Petition for
Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#58), at pp. 1, [29].  The Court

21 denied *Olausen I* on the merits.  *Id.*, Order (#86).  Olausen is in custody pursuant to a
judgment of conviction in a state court, and thus 28 U.S.C. § 2254 and all of its

22 attendant restrictions apply, regardless of how Olausen styles his Petition (#1).  *White
v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004).

23

24      Because the Court denied *Olausen I* on the merits, this action appears to be a
second or successive petition that Olausen improperly filed without first obtaining an

25 order of authorization from the United States Court of Appeals for the Ninth Circuit.
28 U.S.C. § 2244(b)(3)(A).  If so, then this Court cannot consider the Petition.

26 Order entered March 9, 2006, ECF No. 4 in Case No. 3:05-cv-00631-LRH-RAM.  The court

1  transferred the case to the court of appeal, pursuant to 28 U.S.C. § 1631, for consideration under

2  28 U.S.C. § 2244(b)(3)(A).  *See* Order entered May 11, 2006, ECF No. 8 in Case No.

3  3:05-cv-00631-LRH-RAM.  Following the transfer of the case to the court of appeals, that court

4  ruled as follows:

5          Mr. Olausen contends he is not subject to the successive petition requirements
   of the Anti-terrorism and Effective Death Penalty Act (AEDPA) because he is being
6  held unlawfully by the State of Nevada under no valid conviction or sentence.
   According to Mr. Olausen, when the Nevada State Supreme Court in 1989 vacated his
7  1979 death sentence, Mr. Olausen was "acquitted" and no valid amended judgment
   was ever entered thereafter.  Mr. Olausen seeks his immediate release.

8
           We reject Mr. Olausen's arguments for two principal reasons: (1) on
9  March 30, 1989, the Nevada Supreme Court vacated Mr. Olausen's death sentence
   and remanded for resentencing, but left his conviction for first degree murder intact,
10  *see Olausen v. Nevada*, 771 P.2d 583 (Nev.1989); and (2) on December 7, 1989, the
   Washoe County Nevada state district court resentenced Mr. Olausen to life in prison
11  without the possibility of parole for first degree murder.

12          Mr. Olausen has not shown that he is imprisoned under no valid conviction or
   sentence.  [Footnote] The district court did not err in treating Mr. Olausen's section
13  2241 petition as an SOS [second or successive] petition challenging his conviction
   and sentence nor in transferring the SOS petition to this Court.  Mr. Olausen's
14  application to file an SOS petition in district court is denied.  *See* 28 U.S.C. §
   2244(b).  All outstanding motions are denied.
15
   [Footnote:  In its November 18, 2005 return filed in the Nevada state district court,
16  the Nevada Department of Corrections stated that Mr. Olausen's custody is based
   upon the 1979 murder conviction.  As the 1979 murder conviction was never vacated,
17  that portion of the return is accurate.  However, the return also states that defendant
   was sentenced to death and fails to note that in 1989 the death sentence was vacated
18  and Mr. Olausen was resentenced to life without parole.  Mr. Olausen, who states that
   he has been classified as a non-death penalty general population prisoner, has not
19  shown any prejudice, much less constitutional error, from the Department of
   Corrections' failure to note in the return that Mr. Olausen is no longer under a
20  sentence of death.

21  Ninth Circuit Court of Appeals, Case No. 06-15930, docket no. 8, pp. 1-2 (emphasis added).

22          On February 9, 2006, Olausen initiated *Olausen v. Director, Nevada Department of*

23  *Corrections, et al.*, 3:06-cv-00069-PMP-VPC, which he presented as a petition for writ of habeas

24  corpus under 28 U.S.C. §§ 2254 and 2241, repeating his allegation that he was being held without a

25  valid judgment of conviction.  *See* Petition for Writ of Habeas Corpus, ECF No. 5 in Case No.

26  3:06-cv-00069-PMP-VPC.  On May 4, 2006, this court dismissed the petition, in part, as a

successive petition, to the extent that Olausen alleged that he was being held without a valid judgment of conviction.  *See* Order entered May 4, 2006, ECF No. 10 in Case No. 3:06-cv-00069-PMP-VPC, pp. 1-3, 4.  The court later denied the remainder of the petition, and denied Olausen a certificate of appealability.  ECF Nos. 101, 102, and 105 in Case No. 3:06-cv-00069-PMP-VPC.  The court of appeals denied Olausen a certificate of appealability on June 30, 2010.  ECF No. 106 in Case No. 3:06-cv-00069-PMP-VPC.

In 2006, Olausen also filed a section 2241 habeas petition in the Eastern District of California, and that case was transferred to this court and docketed as *Olausen v. E. K. McDaniel*, *et al.*, 3:06-cv-00257-ECR-VPC.  That petition, too, was dismissed, as a successive petition, for Olausen's failure to comply with 28 U.S.C. § 2244(b).  *See* Amended Order entered September 20, 2006, ECF No. 25 in Case No. 3:06-cv-00257-ECR-VPC.  The court again rejected Olausen's argument that section 2244(b) did not apply because there was no valid judgment of conviction.  *See id.*  This court denied Olausen a certificate of appealability, as did the court of appeals.  *See* ECF Nos. 27 and 30 in Case No. 3:06-cv-00257-ECR-VPC.

In 2008, Olausen initiated *Olausen v. McDaniel*, *et al.*, 3:08-cv-00447-ECR-RAM, and *Olausen v. Sheriff of Washoe Co. Jail*, *et al.*, 3:08-cv-00527-LRH-RAM, both of which were petitions for a writ of habeas corpus pursuant to both 28 U.S.C. §§ 2241 and 2254.  In both cases, the court recited the history of Olausen's habeas petitions in this court, and dismissed the petitions as successive, for Olausen's failure to comply with 28 U.S.C. § 2244(b).  *See* ECF No. 13 in Case No. 3:08-cv-00447-ECR-RAM, and ECF No. 18 in Case No. 3:08-cv-00527-LRH-RAM.  In both cases, this court and the court of appeals denied Olausen certificates of appealability.  *See* ECF Nos. 13 and 19 in in Case No. 3:08-cv-00447-ECR-RAM, and ECF Nos. 18 and 24 in Case No. 3:08-cv-00527-LRH-RAM.

Undeterred, in 2010, Olausen filed *Olausen v. Benedetti*, *et al.*, 3:10-cv-00388-LRH-RAM, a section 2254 habeas petition.  That action, as well, was dismissed as successive, for Olausen's failure to comply with 28 U.S.C. § 2244(b).  *See* Order entered August 10, 2010, ECF No. 4 in Case

1    No. 3:10-cv-00388-LRH-RAM.  Both this court and the court of appeals denied Olausen a certificate

2    of appealability.  *See* ECF Nos. 11 and 13 in Case No. 3:10-cv-00388-LRH-RAM.

3         In 2014, Olausen initiated *Olausen v. Cox, et al.*, 3:14-cv-00315-RCJ-WGC, as a section

4    2241 habeas petition, and that case was dismissed for Olausen's failure to pay the filing fee.

5    *See* Order entered December 30, 2014, ECF No. 14 in Case No. 3:14-cv-00315-RCJ-WGC.

6         Then, about two months after the dismissal of his 2014 habeas action for failure to pay the

7    filing fee, Olausen initiated this case.

8         The Court must -- yet again -- dismiss Olausen's habeas petition based on 28 U.S.C.

9    § 2244(b).  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas

10   petition must first obtain authorization from the court of appeals to do so.  *See Burton v. Stewart*,

11   549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from court of appeals

12   before filing a second or successive petition, "the District Court was without jurisdiction to entertain

13   [the petition]"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir.2000) ("the prior-appellate-review

14   mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or

15   successive habeas application under § 2254' may be commenced").  Olausen has not obtained

16   authorization from the Ninth Circuit Court of Appeals to file this successive habeas petition.

17   Therefore, this court cannot entertain the petition, and it will be dismissed.  *See Burton*, 549 U.S.

18   at 157.

19        The fact that Olausen has styled this petition as one under section 2241 rather than 2254 does

20   not change the result.  Section 2254 "is the exclusive avenue for a state court prisoner to challenge

21   the constitutionality of his detention." *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir.), *cert.*

22   *denied*, 543 U.S. 991 (2004), overruled on other grounds, *Hayward v. Marshall*, 603 F.3d 546 (9th

23   Cir.2010), abrogated on other grounds, *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859 (2011).

24   "[A] state habeas petitioner may not avoid the limitations imposed on successive petitions by styling

25   his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254." *Moore v. Reno*, 185

26   F.3d 1054, 1055 (9th Cir.1999), *cert. denied*, 528 U.S. 1178 (2000); citing *Greenawalt v. Stewart*,

105 F.3d 1287, 1287-88 (9th Cir.), *cert. denied*, 519 U.S. 1103 (1997).  As the review of the history of Olausen's habeas petitions in this court reflects, Olausen has over the years alternated between petitions under sections 2254 and 2241, and he has repeatedly admitted in his section 2254 petitions that he is held pursuant to a state-court judgment.  In this regard, the court notes that, in *Olausen v. Baca*, *et al.*, 3:15-cv-00525-MMD-VPC, which is yet another habeas petition filed by Olausen on only October 19, 2015, he petitions for a writ of habeas corpus under section 2254.  *See* Petition for Writ of Habeas Corpus, attached to ECF No. 1 in Case No. 3:15-cv-00525-MMD-VPC.

This action is plainly a successive habeas petition, and Olausen has not obtained authorization for it from the court of appeals as required by 28 U.S.C. § 2244(b).  Therefore, this action will be dismissed.

**IT IS THEREFORE ORDERED** that respondents' Motion to Strike (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Cross-Motion for Relief (ECF No. 12) is **GRANTED IN PART AND DENIED IN PART**.  As is discussed above, the court treats respondents' Motion for Reconsideration (ECF No. 9) as a motion to dismiss.  In all other respects, petitioner's Cross-Motion for Relief is denied.

**IT IS FURTHER ORDERED** that respondents' Motion for Reconsideration of Order to Respond to Petitioner's Eighth Successive Petition, treated as a motion to dismiss, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

7