UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN STEVEN OLAUSEN,

    Petitioner,                                            3:15-cv-00127-RCJ-VPC

vs.

                                                    **ORDER**

ISIDRO BACA, *et al.*,

    Respondents.

_____/

On November 9, 2015, the court dismissed this habeas corpus action, upon a motion by the respondents, concluding:

> This action is plainly a successive habeas petition, and Olausen has not obtained authorization for it from the court of appeals as required by 28 U.S.C. § 2244(b). Therefore, this action will be dismissed.

Order entered November 9, 2015 (ECF No. 16), p. 7. The court denied the petitioner a certificate of appealability. *Id*. Judgment was entered on that same date. *See* Judgment (ECF No. 17).

On November 19, 2015, the petitioner, John Steven Olausen, filed a motion for reconsideration (ECF No. 18). Respondents filed an opposition to that motion on December 7, 2015 (ECF No. 19). Olausen replied on December 15, 2015 (ECF No. 20).

Where a ruling has resulted in final judgment, a motion for reconsideration may be construed as either a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School Dist.*

*No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Rule 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). In order to succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

A motion to alter or amend a judgment, under Rule 59(e), "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

It is beyond reasonable argument that this is a successive habeas petition subject to dismissal pursuant to 28 U.S.C. § 2244(b). *See* Order entered November 9, 2015 (ECF No. 16). Olausen has not shown any reason for reconsideration of that determination.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (ECF No. 18) is **DENIED**.

DATED this 25th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE